UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-49-DLB

RODGER WILLIAMS                                                                                PLAINTIFF
a.k.a. WILLOW WILLIAMS


VS.                        **MEMORANDUM OPINION AND ORDER**


ROBERT SEWELL, et al.                                                                        DEFENDANTS

*** *** *** ***

In November 2017, Rodger Williams, a.k.a. Willow Williams,[1] was charged in Campbell Circuit Court with robbery, fleeing the police, and criminal mischief.[2] These charges are currently pending, and Williams is being held at the Campbell County Detention Center in Newport, Kentucky. Williams's jury trial is set for June 25, 2018.

Although Williams's state criminal proceedings are ongoing, she has filed a *pro se* civil rights complaint with this Court against Newport Police Detective Robert Sewell, Police Captain Ripberger, Police Officer Wiggins, District Attorney Michelle Snodgrass, and Public Defender Eva Hager (Doc. # 1). Williams claims the Defendants have repeatedly violated her constitutional rights. (Doc. # 1 at 4). Among other things, Williams alleges that Captain Ripberger and Officer Wiggins deliberately withheld or destroyed

---

[1] The plaintiff indicates that she is a transgender woman and refers to herself using feminine pronouns. Therefore, the Court will do the same.

[2] The Court takes judicial notice of the publically available docket sheet in *Commonwealth of Kentucky v. Rodger Williams*, No. 17-CR-00827 (2017).

1

exculpatory evidence; Detective Sewell lied to witnesses and improperly altered evidence; District Attorney Snodgrass is engaging in malicious prosecution and is abusing her authority; and Public Defender Hager has "colluded" with the prosecution by losing evidence, lying to Williams, and prolonging the criminal proceedings. (Doc. # 1 at 2-3). Williams asks the Court to "press federal criminal charges" against the Defendants, "revoke their licenses to practice law and/or take [the] officers' badges," award her one million dollars in punitive damages, and either order her release from state custody or provide her with "a nominal bond pending [her] criminal trial." (Doc. # 1 at 8).

As an initial matter, Williams also moves this Court for leave to proceed *in forma pauperis*. (Doc. # 2). The Court has reviewed Williams's fee motion and attached financial records and will grant her request and waive the payment of the filing and administrative fees in this case.

That said, the Court will also dismiss Williams's complaint without prejudice for several reasons. First, this Court simply does not have the authority to grant most of the relief that Williams is seeking. More importantly, because Williams's claims directly challenge the viability of the ongoing state criminal prosecution against her, abstention is warranted. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court made it clear that federal courts should generally abstain from interfering in state court actions that are ongoing, involve important state interests, or provide an adequate opportunity to raise constitutional challenges. See *Fieger v. Cox*, 524 F.3d 770, 774-75 (6th Cir. 2008) (discussing *Younger* abstention). Here, the state criminal case against Williams is ongoing, that matter obviously involves an important state interest, and Williams has the

2

opportunity to raise her various constitutional challenges during the course of that criminal proceeding. Therefore, this Court will abstain from interfering in Williams's criminal case, just as it "has abstained from meddling in . . . [other] state court criminal actions." *Stevenson v. Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, *3 (E.D. Ky. 2017) (collecting cases). Accordingly,

**IT IS ORDERED** as follows:

(1) Williams's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **GRANTED**. Payment of the filing and administrative fees is **WAIVED**;

(2) Williams's complaint (Doc. # 1) is **DISMISSED** without prejudice;

(3) All other pending motions are **DENIED** as moot;

(4) This action is **STRICKEN** from the Court's docket; and

(5) A corresponding Judgment will be entered this date.

This 2nd day of April, 2018.

Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\Williams 18-49-DLB Memorandum CDS.docx